LAW LIBRARY

NO. 29439

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ZEPH KIMO SALIS, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 97-0984)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Zeph Salis (**Salis**) appeals the Circuit Court of the First Circuit's (**Circuit Court**)[1] September 23, 2008 Second Amended Judgment of Conviction and Sentence in Cr. No. 97-0984 (**Second Amended Judgment**). In the Second Amended Judgment, Salis was resentenced for (1) Robbery in the First Degree in violation of Hawai'i Revised Statutes (**HRS**) § 708-840(1)(b)(ii) (1993); (2) Place to Keep Loaded Pistol in violation of HRS §§ 134-6(c) and (e) (Supp. 1996);[2] and (3) Possession of Firearm by a Person Convicted of Certain Crimes in violation of HRS §§ 134-7(b) and (h) (Supp. 1996).

The Second Amended Judgment was entered after this court vacated in part the Circuit Court's denial without a hearing of Salis's pro se petition for relief pursuant to Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40, in an April 23, 2008 memorandum opinion. The court concluded, *inter alia*, that Salis raised a colorable claim that he was denied ineffective assistance of trial and/or appellate counsel in conjunction with his conviction and/or sentencing on Counts 2, 3 and 4 in Cr. No. 97-0984. Noting the inherent difficulties in reviewing pro se

---

[1]   The Honorable Michael A. Town presided.

[2]   Effective May 2, 2006, the Hawai'i Legislature repealed HRS § 134-6 and replaced it with HRS §§ 134-21 through 134-27 (Supp. 2006).

matters, and referencing this court's prior opinion in State v. Padilla, 114 Hawai'i 507, 517-18, 164 P.3d 765, 775-76 (App. 2007), we remanded the case for further proceedings, including a hearing, to afford the State and Salis, with the benefit of counsel, to argue what further steps should be taken to remedy the errors in this case.

Upon remand, double jeopardy and certain illegal sentencing issues raised by Salis were remedied when the Circuit Court granted the State's motion for nolle prosequi with prejudice of Count 4 in Cr. No. 97-0984 and sentenced Salis to ten (10) years of incarceration on Counts 2 and 3 in Cr. No. 97-0984, to run concurrently with each other and consecutive to Salis's sentences in Cr. Nos. 97-0973 and 92-3411. At the August 20, 2008 sentencing hearing, and in a September 18, 2008 position statement, with newly-appointed counsel, Salis argued that the trial judge had plainly erred in failing to instruct the jury regarding the possible merger of counts 2 and 3, pursuant to HRS § 701-109(1)(e) (1993). Salis urged the State to dismiss either Count 2 or 3, rather than necessitating a further appeal and possible retrial. The State declined to dismiss either Count 2 or 3, based on the position that the issue was waived on direct appeal and in Salis's Rule 40 proceeding. Accordingly, the Circuit Court proceeded with the sentencing, as set forth above, and Salis timely filed a notice of appeal.

Salis raises one point of error on appeal, i.e., that the Circuit Court plainly erred in failing to instruct the jury regarding the possible merger of Counts 2 and 3, pursuant to HRS § 701-109(1)(e).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Salis's point of error as follows:

The Circuit Court plainly erred when it failed to instruct the jury regarding the possible merger of Counts 2 and 3 pursuant to HRS § 701-109(1)(e). See, e.g., Padilla, 114 Hawaiʻi at 516-18, 164 P.3d at 774-76; see also State v. Matias, 102 Hawaiʻi 300, 305, 75 P.3d 1191, 1195 (2003), citing, inter alia, State v. Hoey, 77 Hawaiʻi 17, 27 n.9, 881 P.2d 504, 514 n.9 (1994), State v. Apao, 95 Hawaiʻi 440, 445, 24 P.3d 32, 37 (2001), and State v. Ganal, 81 Hawaiʻi 358, 379, 917 P.2d 370, 391 (1996).

We reject the State's argument that the facts of this case demonstrate no possibility of merger exists.[3] The evidence upon which the jury based its verdicts in Counts 2 and 3 arose out of a single robbery incident in which Salis allegedly possessed a firearm during the commission of, and flight from the scene of, a robbery. While a properly-instructed jury could have found that Salis's conduct constituted separate and distinct culpable acts, all factual issues involved in the determination of whether, in his course of conduct, Salis had one general intention, or separate and distinct intents, must be decided by the trier-of-fact. See, e.g., State v. Frisbee 114 Hawaiʻi 76, 81, 156 P.3d 1182, 1187 (2007).

Accordingly, we vacate the Circuit Court's September 23, 2008 Second Amended Judgment. On remand, we afford the State the option of forthwith: (1) dismissing either Count 2 or Count 3 and retaining the judgment of conviction and sentence on the non-dismissed count; or (2) retrying Salis on both Counts 2 and 3

---

[3] Under the circumstances of this case, we also reject the argument that the merger issue was waived.

with an appropriate merger instruction.  See Padilla, 114 Hawai'i at 517-18, 164 P.3d at 775-76.

DATED:  Honolulu, Hawai'i, May 13, 2010.

On the briefs:

William H. Jameson, Jr.
for Defendant-Appellant

Delanie D. Prescott-Tate
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge